John P. Kristensen (SBN 224132)
Jesenia A. Martinez (SBN 316969)
Jacob J. Ventura (SBN 315491)
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: 310-507-7924
Facsimile: 310-507-7906
*john@kristensenlaw.com*
*jesenia@kristensenlaw.com*
*jacob@kristensenlaw.com*

*Attorneys for Plaintiff*

## THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRACY BACON, individually and on behalf of all those similarly situated, | Case No.: |
| | **CLASS ACTION** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| 4BUSH HOLDINGS, LLC dba HERBALIST OILS aka FIRST CLASS HERBALIST CBD, a Utah Limited Liability Company; and DOES 1-10, inclusive, | **1. Violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (Do Not Call);** |
| | **2. Violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (Cell Phone); and** |
| Defendants. | **3. Violations of the Telephone Consumer Protection Act, 47 C.F.R. § 64.1200(d) (Do Not Call).** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Tracy Bacon ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## I.   NATURE OF THE ACTION

1.   Plaintiff, on behalf of herself and others similarly situated, is seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendants 4Bush Holdings, LLC dba Herbalist Oils aka First Class Herbalist CBD ("Defendant" or "First Class Herbalist") and Does 1-10, inclusive (collectively, "Defendants") in contacting Plaintiff, as well as knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, thereby invading Plaintiff's and putative class members' right to privacy.

## II.   VENUE AND JURISDICTION

2.   This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.SC. §§ 227, *et seq.*

3.   Jurisdiction is also proper under 28 U.S.C. § 1332(d) because Plaintiff seeks relief on behalf of a nationwide class, which will result in at least one class member belonging to a different state that that of First Class Herbalist, which is incorporated and maintains its principal place of business in Utah. Plaintiff also seeks up to $1,500.00 in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both federal question jurisdiction and diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

///

4.     Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District  pursuant to 28 U.S.C. § 1397(b)(2) as Defendants' specifically targeted Los Angeles County, California consumers such as Plaintiff, by sending unsolicited text messages to consumers residing in this District.

## III.   **PARTIES**

5.     Plaintiff is a natural person residing in California.

6.     First Class Herbalist is, and at all relevant times was, a Utah Limited Liability Company with its principal place of business at 318 West 250 South Kaysville, Utah 84037. Its agent for service of process is Principal Office located at 6975 Union Park Avenue, Suite 600, Cottonwood Heights, Utah 84093.

7.     Upon information and belief, Plaintiff conducts marketing activities, including sending text messages, such as the messages sent to Plaintiff in violation of the TCPA.

8.     The above-named Defendant, and its subsidiaries and owners, officers, and agents, are collectively referred to as "Defendants." The true names and capacities of the defendants sued herein as "Does 1-10," inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

9.     Upon information and belief, at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, ostensible agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture, and employment with the full knowledge and consent of each of the other Defendants.

10.     Upon information and belief, each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

11.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

## IV.     THE TELEPHONE CONSUMER PROTECTION ACT

12.     Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing. Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

13.     Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is broadly defined, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods.  *In the Matter of Rules and Regulations Implementing the Tel.*

Kristensen LLP
ATTORNEYS FOR PLAINTIFFS

*Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "autodialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually…using those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at \*3 (N.D. Cal. Sept. 11, 2015).

14.     The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber.  If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

15.     Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). *See* 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id*. The TCPA prohibits a company from calling

Kristensen LLP
ATTORNEYS FOR PLAINTIFFS

individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id.* at § 64.1200(d)(3), (6). Any company, or someone on the company's behalf, who calls a member of the company's IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

16.     Accordingly, the entity can be liable under the TCPA for a call made and/or message sent on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

17.     There are just a handful of elements need to be proven for violations of the Do Not Call provision of the TCPA.

18.     More Than One Call within Any 12-Month Period. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

19.     Calls to Phones on the Do Not Call List. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c).

20.     Including Wireless Lines on the Do Not Call List. Owners of wireless telephone numbers (aka mobile or cellular phones) receive the same protections from the Do Not Call provision as owners or subscribers of wireline

Kristensen LLP
ATTORNEYS FOR PLAINTIFFS

("landline") phone numbers. 47 C.F.R. § 64.1200(e), provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

21. <u>The Affirmative Defense of Prior Express Consent</u>. The Ninth Circuit has defined "express consent" to mean "clearly and unmistakably stated." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009). "Prior express consent is an affirmative defense for which the defendant bears the burden of proof." *See Grant v. Capital Management Services, L.P.*, No. 11-56200, 2011 WL 3874877, at *1, n.1. (9th Cir. Sept. 2, 2011) ("express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof"); *see also Robbins v. Coca-Cola Company*, No. 13-cv-132, 2013 WL 2252646, at *2 (S.D. Cal. May 22, 2013).

22. <u>Text Messages Can Be in Violation of the Do Not Call Provisions of the TCPA</u>. Under established Ninth Circuit precedent, text messages are considered calls within the TCPA's protection. *See Satterfield*, 569 F.3d at 952-954 (holding that "a text message is a 'call' within the meaning of the TCPA."

///

///

## V.  STANDING

23.     Plaintiff has standing to bring this suit on behalf of herself and the members of the class under Article III of the United States Constitution because Plaintiff's claims state: (a) a valid injury in fact; (b) an injury which is traceable to the conduct of Defendants; and (c) is likely to be redressed by a favorable judicial decision. *See Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Robins v. Spokeo,* 867 F.3d 1108 (9th Cir. 2017) (cert denied. 2018 WL 491554 (Jan. 22 2018); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); and *Chen v. Allstate Inc. Co.*, 819 F.3d 1136 (9th Cir. 2016).

### A.   INJURY IN FACT

24.     A Plaintiff's injury must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution.  *Id.*

25.     For an injury to be concrete it must be a de facto injury, meaning it actually exists. In the present case, Plaintiff took the affirmative step of enrolling herself on the National Do-Not-Call Registry for the purpose of preventing marketing calls and text messages to her telephones. Such telemarketing calls and text messages are a nuisance, an invasion of privacy, and an expense to Plaintiff. *See Soppet v. enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). All three of these injuries are present in this case. *See also Chen*, 819 F.3d 1136.

26.     Furthermore, the Third Circuit recently stated, Congress found that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients," (*Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017)), and sought to protect the same interests implicated in the traditional common law cause of action. Put differently, Congress was not inventing a new theory of injury when it enacted the TCPA. Rather, it elevated a harm that, while "previously inadequate in law," was of the same character of previously existing "legally cognizable injuries." *Spokeo*, 136 S.Ct. at 1549. *Spokeo* addressed, and approved, such a choice by Congress.

*Susinno v. Work Out World Inc.,* No. 16-3277, 2017 WL 2925432, at \*4 (3d Cir. July 10, 2017).

27.    For an injury to be particularized means that the injury must affect the plaintiff in a personal and individual way. *See Spokeo*, 136 S.Ct. at 1548. In the instant case, Defendants caused text messages to be sent to Plaintiff's phone. It was Plaintiff's personal privacy and peace that Defendants invaded by sending text messages to her phone.  Furthermore, Plaintiff is the person who pays for the phone, and is the regular carrier and user of the phone. All of these injuries are particular to Plaintiff.

## B.    TRACEABLE TO THE CONDUCT OF DEFENDANT

28.    Plaintiff must allege at the pleading stage of the case facts to show that her injury is traceable to the conduct of Defendants. In this case, Plaintiff satisfies this requirement by alleging that Defendants, and/or agent of Defendants on behalf of Defendants, sent unlawful text messages to Plaintiff's phone.

## C.    INJURY LIKELY TO BE REDRESSED BY A FAVORABLE JUDICIAL OPINION

29.    The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief include a request for damages for each text message sent by Defendants, as authorized by statute in 47 U.S.C. §§ 227, *et seq*. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

///

///

30.     Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo*, Plaintiff has standing to sue Defendants on the stated claims.

## VI.    ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (AGAINST ALL DEFENDANTS)

### A.    FACTUAL ALLEGATIONS

31.     In or around January 2020, Defendants contacted Plaintiff on her cellular telephone at (602) 403-****, in an attempt to solicit customers to purchase CBD oils and products. The messages came from (949) 636-2239 and (714) 925-9882. Defendants are known to use both numbers.

32.     Defendants continued to send multiple messages to Plaintiff without her consent or permission.

33.     Defendants used an "automated telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to send text messages to Plaintiff.

34.     Plaintiff is informed and believes that the equipment used by Defendants to send the subject messages to Plaintiff has the capacity to: (1) store or produce numbers to be contacted using a random or sequential number generator; and (2) dial those numbers. Such capacity is evidenced by the fact that the subject messages appear scripted and generic.

35.     Defendants' message(s) were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

36.     Defendants' message(s) were sent to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming messages and/or data use pursuant to 47 U.S.C. § 227(b)(1).

37.     Defendants never received Plaintiff's "prior express consent" to receive marketing messages using an automated dialing system on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

///

**B.** **CLASS ALLEGATIONS**

38.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 and/or other applicable law, on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

> All persons within the United States who received any text messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system when such person had not previously provided express consent to receiving such messages within the four years prior to the filing of this Complaint

39.     Plaintiff represents, and is a member of the Class, consisting of All persons within the United States who received any telephone call from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

40.     Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class are any judges, justices or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

41.     This action is properly maintainable as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

///

42.     **Numerosity**: The proposed Class is so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

43.     Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways:  Defendants illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members, without their " prior express consent," to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendants, and invading the privacy of said Plaintiff and Class members.

44.     **Common Questions of Law and Fact Predominate**: There are only a few legal and factual issues to determine if there is liability under the TCPA and for each of those questions of law and fact, common issues to the Class predominate over any questions that may affect individual Class members, in that the claims of all Class members for each of the claims herein can be established with common proof.  Common questions of fact and law include, but are not limited to, the following:

        a.     Whether, within the four years prior to the filing of this Complaint, Defendants made any calls or messages (other than a call or message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automated dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

///

Kristensen LLP
ATTORNEYS FOR PLAINTIFFS

b.   Whether Plaintiff and the Class members were damaged thereby, and the extent of the statutory damages for each such violation; and

c.   Whether the Defendants should be enjoined from engaging in such conduct in the future.

45.   **Typicality**: Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendants as all Class members. The injuries to each member of the Class were caused directly by Defendants' wrongful conduct as alleged herein.

46.   **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

47.   **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

48.   Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants,

and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

49.     Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct.  Defendant(s) have acted, or refused to act, in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,**
**47 U.S.C. §§ 227, *ET SEQ* (DO NOT CALL).**

**(By Plaintiff Individually and on Behalf of the Class Against All Defendants)**

50.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

51.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

52.     The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone

number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c).

53.     47 C.F.R. § 64.1200(e), provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

54.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request…

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

55.     Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the putative class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendants, as set forth in 47 C.F.R. § 64.1200(d)(3).

56.     Defendants sent more than one unsolicited text message to Plaintiff and members of the putative class within a 12-month period without their prior express consent to send such text mesages. Plaintiff and members of the putative class never provided any form of consent to receive text messages from Defendants and Defendants do not have a record of consent to place telemarketing calls or text messages to them and/or Plaintiff and members of the putative class revoked consent.

57.     Defendants violated 47 C.F.R. § 64.1200(d) by initiating text messages for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the putative class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

58.     Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the putative class received more than one text message  in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the putative class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

///

///

59.     To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

60.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.* (CELL PHONE)

**(By Plaintiff Individually and on Behalf of the Class Against All Defendants)**

61.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

62.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200, *et seq.*

63.     As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.,* Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64.     To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

65.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

///

////

////

### THIRD CAUSE OF ACTION

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,**

**47 C.F.R. § 64.1200(D) (DO NOT CALL)**

**(By Plaintiff Individually and on Behalf of the Class Against All Defendants)**

66.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

67.     Defendants violated 47 C.F.R. § 64.1200(d) by initiating calls and sending text messages for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the putative class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

68.     These consumers, already on the Do Not Call Registry, like Plaintiff, requested to not receive calls from Defendants, as set forth in 47 C.F.R. § 64.1200(d)(3).

69.     Nevertheless, Defendants and their agents refused to record the requests, including Plaintiff's, to stop their telemarketing calls and text messages. Any prior express consent was revoked (if it ever existed).

70.     Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the putative class members received more than one telephone call and/or text message in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200(d), after they had requested to not be called or messaged again, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the putative class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

///

///

71.     To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the putative class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests of this Court the following relief:

1.     An order certifying this action as a class action and opposing Plaintiff and her counsel to represent the Class;

2.     An award of actual and statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

3.     An award of actual and statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B);

4.     An injunction requiring Defendants and Defendants' agents to cease all unsolicited telephone calling and messaging activities, and otherwise protecting the interests of the Class, pursuant to 47 U.S.C. § 227(b)(3)(A);

5.     Pre-judgment and post-judgment interest on monetary relief;

6.     An award of reasonable attorneys' fees and costs; and

7.     All other and further relief as the Court deems necessary, just, and proper.

Dated: May 22, 2020                    **KRISTENSEN LLP**

*/s/ John P. Kristensen*
John P. Kristensen
Jesenia A. Martinez
Jacob J. Ventura
***Attorneys for Plaintiff***

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: May 22, 2020                                  **KRISTENSEN LLP**

                                                     */s/ John P. Kristensen*
                                                     John P. Kristensen
                                                     Jesenia A. Martinez
                                                     Jacob J. Ventura
                                                     ***Attorneys for Plaintiff***